```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

SEAN VOISINE                                CIVIL ACTION

VERSUS                                      NO: 11-1589

ODEBRECHT CONSTRUCTION, INC.                SECTION: R
```

## ORDER AND REASONS

Before the Court is plaintiff's motion to strike defendant's demand for a trial by jury. Defendant has not responded to plaintiff's motion. For the following reasons, the Court GRANTS plaintiff's motion.

### I.   BACKGROUND

This case arises out of an accident aboard a spud barge owned by defendant Odebrecht Construction ("Odebrecht"). Plaintiff Sean Voisine, working as a Jones Act seaman employed by Odebrecht, was assigned to work as a heavy equipment operator aboard the vessel.[1] On or about April 1, 2011, while performing maintenance on a crane, Voisine was struck by a counter weight, knocking him to the deck and causing "severe debilitating, disfiguring and permanent injuries to his head, jaw, neck and shoulder."[2] Voisine alleges both the negligence of Odebrecht and its employees and the unseaworthiness of the vessel, and claims

---

[1]   R. Doc. 1 at 1-2.

[2]   *Id.* at 2.

damages including physical and mental pain and suffering, loss of earning capacity, medical expenses, disfigurement, loss of enjoyment of life, and permanent disability.[3] He asserts his entitlement to maintenance, cure and unearned wages irrespective of defendant's negligence or the unseaworthiness of the vessel.[4]

In his amended complaint, Voisine specifically invokes the Court's admiralty jurisdiction under Federal Rule of Civil Procedure 9(h).[5] In its answer, Odebrecht demands "a trial by jury on all issues[.]"[6] Plaintiff now moves to strike defendant's jury demand, noting that the Federal Rules of Civil Procedure do not permit for a trial by jury in an admiralty case.[7] Odebrecht does not oppose the motion.

## II. DISCUSSION

"If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rule[] ... 38(e)[.]" Fed. R. Civ. P. 9(h). Rule 38(e), in turn, provides

---

[3]   *Id.* at 2-3.

[4]   *Id.* at 3.

[5]   R. Doc. 9 at 1.

[6]   R. Doc. 11 at 5.

[7]   R. Doc. 12-1.

that the Federal Rules "do not create a right to a jury trial on issues in a claim designated as an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e). *See also Smith v. ENSCO Offshore Co.*, 181 F.3d 97, 1999 WL 346964, at *1 (5th Cir. 1999) ("Ordinarily, when a case involves admiralty or maritime claims, the plaintiff does not have a right to a jury trial."). When a plaintiff brings a claim under the Jones Act, he has the option to proceed with either a jury or a bench trial. *See id.*; 46 U.S.C. § 30104 ("A seaman injured in the course of employment ... may elect to bring a civil action at law, with the right of trial by jury, against the employer."). This right to a jury trial, however, belongs only to the seaman-plaintiff, unless the plaintiff alleges diversity jurisdiction and chooses to pursue his Jones Act claim through the savings to suitors' clause in a civil action. *Smith,* 181 F.3d 97, 1999 WL 346964, at *1 n.1 (citing *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1214 (5th Cir. 1986)).

Here, plaintiff has expressly invoked the Court's admiralty jurisdiction under Rule 9(h) in his amended complaint. He has not invoked the Court's diversity jurisdiction or sought to pursue his Jones Act claim through the savings to suitors' clause. Odebrecht has made no effort to establish why admiralty jurisdiction is not proper. Accordingly, the Court finds that

defendant's request for a jury trial was improper, and GRANTS plaintiff's motion to strike.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to strike defendant's jury demand is GRANTED.

New Orleans, Louisiana, this 26th day of October, 2011.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE