UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWN VOISINE                                                                  CIVIL ACTION

VERSUS                                                                               NO. 11-1589

ODEBRECHT CONSTRUCTION, INC.                                  SECTION "R" (2)

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:   Plaintiff's Motion to Compel Medical Examination by Employer's Choice of Orthopedic Specialist, Record Doc. No. 18

O R D E R E D:

XXX : GRANTED IN PART AND DENIED IN PART.  This motion is governed by Fed. R. Civ. P. 35(a), which provides in pertinent part:
> (1)  The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> (2)  The order:  (A) may be made only on motion for good cause . . . ; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1), (2).

This is a personal injury case in which the nature, scope and circumstances of plaintiff's physical condition are in dispute. Under these circumstances, good cause to support a Rule 35 examination and order is established.  Dr. Aiken is known to the court to be a suitably licensed examiner.  Accordingly, the motion is granted in part in that plaintiff must appear at the office of Dr. David W. Aiken, Jr., 4224 Houma Blvd., Suite 650, Metairie, Louisiana, on December 13, 2011 at 9:15 a.m. for a standard non-invasive orthopedic examination, all reasonable expenses to be paid by defendant.

The motion is DENIED insofar as it seeks an order either that plaintiff pay for the examination or that plaintiff somehow reimburse defendant for the $1,200 it has already paid its expert or that plaintiff pay sanctions of any kind at this time.  There is no factual or legal basis for such an award. The fact that plaintiff did not attend the examination

scheduled previously on an informal basis by counsel does not justify such an award. Fed. R. Civ. P. 37(a)(3)(B) and (5) authorizing awards of fees or other costs in connection with motions to compel do not apply to motions under Fed. R. Civ. P. 35 for obvious reasons. While the parties are free to agree to such examinations, only the report requirement of Rule 35 applies to such agreements. Fed. R. Civ. P. 35(b)(6). A party who seeks to invoke the court's authority, including its sanction power, concerning physical or mental examinations, unlike other discovery, must first obtain a court order. Fed. R. Civ. P. 35(a), 37(a)(3)(B) and (b)(2) (A). Specifically, in connection with Rule 35 examinations, sanctions may be awarded only if a party fails to appear for the exam after the required court order for such exams has been violated. Fed. R. Civ. P. 37(b)(2). No court order for such an examination has previously been issued in this case. Now that this order has been entered today, however, failure by plaintiff to attend as ordered herein may result in the imposition of sanctions.

New Orleans, Louisiana, this \_\_\_\_2nd\_\_\_\_ day of November, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE